UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JERMEAL G. WHITE, ) | CASE NO: 4:24-cv-00957 |
| ) | |
| ) | JUDGE JOHN R. ADAMS |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| LIEUTENANT P. McNEVIN, ) | |
| ) | (Resolves Docs. 12, 14, 15) |
| Defendant. ) | |
| ) | |

This matter comes before the Court on the *Defendant's Motion to Vacate Order and Revoke Plaintiff's [i]n [f]orma [p]auperis Status* (Doc. 12) (the "Motion") filed by Defendant Lieutenant P. McNevin ("McNevin"). Plaintiff Jermeal White ("White") filed the *Plaintiff's response to motion to vacate order and revoke Plaintiff's in forma pauperis status* (Doc. 14) and McNevin filed an additional reply (Doc. 15).

For the reasons stated below, the Motion is GRANTED.

I. FACTUAL BACKGROUND

White, proceeding *pro se*, filed suit against McNevin, an officer at the Ohio State Penitentiary, alleging violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Doc. 1. White simultaneously filed the *Application to Proceed in District Court without Prepaying Fees or Costs* (Doc. 2) that was granted by the Magistrate Judge. Doc. 6. McNevin then filed the Motion, wherein he argues the Court should revoke White's *in forma pauperis* ("IFP") status based on the assertion that White is a prolific filer that has accumulated

1

three strikes pursuant to 28 U.S.C. § 1915(g), and should therefore be prohibited from proceeding without paying the filing fee. Doc. 12.

## II. LAW AND ANALYSIS

### a. Legal Standard

Federal law permits a prisoner to proceed in litigation without prepaying the full amount of the filing fee if the prisoner demonstrates that he is unable to pay at the time the litigation is commenced. 28 U.S.C. § 1915(a)(1). However, this provision no longer applies when the prisoner has, on three or more occasions, while incarcerated or detained, brought an action or appeal in federal court that was dismissed due to it being frivolous, malicious, or failing to state a claim. 28 U.S.C. § 1915(g). This is otherwise known as the "Three Strikes Rule." In these cases, the prisoner may not proceed IFP unless they are under imminent danger of serious physical injury. *Id.* To show imminent danger, the prisoner's complaint must identify a "threat or prison condition…[that causes] real and proximate danger of serious physical injury" by alleging a "presently existing, continuing imminent danger." *Rittner v. Kinder*, 290 F. Appx. 796, 797 (6th Cir. 2008), *Vandiver v. Vasbinder*, 416 F. Appx. 560, 562 (6th Cir. 2011).

When the defendant argues that the *pro se* plaintiff has accrued three strikes under the Three Strikes Rule, the "plaintiff bears the burden of proving that a prior action did not fall within § 1915(g)." *Taylor v. First Med. Mgmt.*, 508 F. Appx. 488, 498 (6th Cir. 2012).

### b. Imminent Danger Exception

First, the Court does not find that the "imminent danger exception" to the Three Strikes Rule, as outlined by § 1915(g), applies here. The Complaint details one incident on February 16, 2024 wherein White alleges an excessive use of force when he was "sprayed with a serious amount of o/c [oleoresin capsicum] spray" and had associated difficulty with his breathing and vision

2

thereafter. Doc. 1 at pp. 4–5. The Complaint was filed almost four months later, in June 2024, and does not allege any continuing imminent danger. *See Vandiver*, 416 F. Appx. at 562. Therefore, the Court must assess whether White has accrued three strikes pursuant to the Three Strike Rule.

    c. **White's Prior Actions**

In the Motion, McNevin lists White's 20 prior federal lawsuits, including one in this Court, eight in the Southern District of Ohio, eight appeals to the Sixth Circuit, and three petitions to the United States Supreme Court for writs of certiorari. Doc. 12 at pp. 2–3. Of those cases, McNevin argues that eight count toward White's strikes under the Three Strike Rule because i) White was a prisoner when they were filed and ii) their dismissals fall within the meaning of § 1915(g). Doc. 12 at pp. 4–5.

McNevin cites five of White's prior cases that were dismissed upon summary judgment to the applicable defendant. Doc. 12 at pp. 4–5.[1] However, a grant of summary judgment in the defendant's favor does not necessarily count as a strike – the underlying reasoning for dismissal must be due to the claims being frivolous or malicious, or the plaintiff's failure to state a claim. *Annabel v. Jackson Cnty.*, No. 22-2071, 2023 U.S. App. LEXIS 17397, at *3 (6th Cir. July 10, 2023). As such, the Court will not consider these five prior cases as strikes for the purposes of this order.

However, McNevin reports three of White's prior cases in this Court and the Southern District of Ohio that count as strikes pursuant to the Three Strikes Rule. Doc. 12 at pp. 4–5.[2]

---

[1] *See* Report & Recommendation, *White v. Dillow*, No. 1:19-cv-00033, 2020 U.S. Dist. LEXIS 150960 (S.D. Ohio Aug. 20, 2020); Report & Recommendation, *White v. Erdos*, No. 1:19-cv-470, 2020 U.S. Dist. LEXIS 231699 (S.D. Ohio Dec. 8, 2020); Order Adopting Report and Recommendation, *White v. Erdos*, No. 1:19-cv-1007, 2023 WL 2607480 (S.D. Ohio Dec. 8, 2020); Report & Recommendation, *White v. Erdos*, No. 1:19-cv-1009, 2020 U.S. Dist. LEXIS 232672 (S.D. Ohio Dec. 9, 2020); Decision and Entry Adopting the Report and Recommendation, *White v. Erdos*, No. 1:20-cv-101, 2022 WL 912494 (S.D. Ohio March 29, 2022).

[2] The Court has not reviewed, and therefore takes no position, on whether White's appeals to the Sixth Circuit or petitions to the Supreme Court accumulate as any additional strikes.

3

First, White's prior case in this Court was dismissed in part and denied in part. *See White v. Bracy*, No. 1:16-cv-1593, 2017 U.S. Dist. LEXIS 47835 (N.D. Ohio Mar. 30, 2017) (Oliver, J.). In that case, three claims were dismissed as not cognizable, and one was denied because it lacked merit. *See* Report & Recommendation, *White v. Bracy*, No. 1:16-cv-1593, 2017 U.S. Dist. LEXIS 47837 (N.D. Ohio Jan. 11, 2017) (Burke, Mag. J.). White argues that this case should not count as a strike because i) the claims were denied in part and dismissed in part, and ii) he paid the filing fee in that case. Doc. 14 at p. 2. However, both the dismissals and the denial fall under the § 1915(g) umbrella. *See generally English v. Ghee*, 13 F. Appx. 306 (6th Cir. 2001) (affirming the district court dismissal of habeas claims for failure to state a claim where the claims were not cognizable); *see also Sublett v. McAlister*, No. 20-5190, 2020 U.S. App. LEXIS 32178, at *11 (6th Cir. Oct. 9, 2020) (holding that mixed dismissals, where claims are disposed of on various grounds, count as strikes as long as all of the claims lack merit). Further, White's contention that he paid the filing fee is immaterial to whether the case counts as a strike because "§ 1915(g) does not distinguish between prior *in forma pauperis* actions and prior actions in which the fee was paid." *Cohen v. Corr. Corp. of Am.*, 439 F. Appx. 489, 491 (6th Cir. 2011) (citation omitted). Accordingly, the outcome of *White v. Bracy*, No. 1:16-cv-1593, 2017 U.S. Dist. LEXIS 47835 (N.D. Ohio Mar. 30, 2017) counts as a strike.

Next, McNevin cites two of White's prior cases in the Southern District of Ohio that were dismissed pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1). Doc. 12 at pp. 4–5.[3] White concedes that these cases accumulate as strikes. Doc. 14 at p. 3.[4]

---

[3] *White v. Erdos*, No. 1:19-cv-00563; *White v. Erdos*, No. 1:20-cv-00771.
[4] The Court takes note of White's response in the Complaint to the question "To the best of your knowledge, have you had a case dismissed based on this 'three strikes rule'?" as "No." Doc. 1 at p. 8.

Consequently, the Court finds that White has filed at least three cases, while incarcerated, that qualify as strikes for the purposes of the § 1915(g) Three Strikes Rule. As the "imminent danger exception" does not apply here, White is prohibited from proceeding IFP in this action.

### III. CONCLUSION

For the reasons stated above, the *Defendant's Motion to Vacate Order and Revoke Plaintiff's* [i]n [f]orma [p]auperis *Status* (Doc. 12) is GRANTED and the *Order Granting Plaintiff's Motion to Proceed in forma pauperis* (Doc. 6) is VACATED. White is ordered to pay, within 30 days of the date of entry of this Order, the full filing fee of $405. If White fails to pay the filing fee within the 30-day period, this case will be dismissed.

IT IS SO ORDERED.


October 4, 2024                                                      */s/ John R. Adams*
Date                                                                JOHN R. ADAMS
                                                                          UNITED STATES DISTRICT JUDGE